DocuSign Envelope ID: E6453781-3AAD-4830-89B2-81B10A1A425D

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Efrain Perez**,<br><br>Plaintiff,<br><br>vs.<br><br>**Double H Logistics LLC**, an Arizona limited liability company; **Francisco Viera and Jane Doe Viera**, a married couple; and **Frank Viera and Jane Doe Viera II**, a married couple,<br><br>Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Efrain Perez ("Plaintiff" or "Efrain Perez"), sues the Defendants Double H Logistics LLC; Francisco Viera and Jane Doe Viera, and Frank Viera and Jane Doe Viera II, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

-1-

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

-2-

## PARTIES

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Arizona Double H Logistics LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Double H Logistics LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Double H Logistics LLC owned and operated as "Double H Logistics," a logistics and transportation company in Phoenix, AZ.

10. Under the FLSA, Defendant Double H Logistics LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Double H Logistics LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Double H Logistics LLC is subject to liability under the FLSA.

11. Defendants Francisco Viera and Jane Doe Viera are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Francisco Viera and Jane Doe Viera are owners of Double H Logistics LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.    Under the FLSA, Defendants Francisco Viera and Jane Doe Viera are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Francisco Viera and Jane Doe Viera had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Francisco Viera and Jane Doe Viera are subject to individual liability under the FLSA.

13.    Defendants Frank Viera and Jane Doe Viera II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Frank Viera and Jane Doe Viera II are owners of Double H Logistics LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.    Under the FLSA, Defendants Frank Viera and Jane Doe Viera II are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Frank Viera and Jane Doe Viera II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Frank Viera and Jane Doe Viera II are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

29. Defendants own and/or operate as Double H Logistics, an enterprise located in Maricopa County, Arizona.

30. Plaintiff was hired by Defendants in approximately June 2020.

31. At all relevant times, Plaintiff worked for Defendants through approximately December 27, 2021.

32. At all relevant times, in his work for Defendants, Plaintiff worked as a diesel mechanic.

33. Defendants, in their sole discretion, paid Plaintiff $17 per hour.

34. Defendants classified Plaintiff as W-2 employee.

-6-

35. At all relevant times, Defendants paid Plaintiff on a weekly basis.

36. Defendants failed to compensate Plaintiff any wages whatsoever for the final two workweeks of his employment with Defendants.

37. Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

38. Plaintiff worked approximately 96 hours in the final two workweeks for which he was not paid.

39. After working his final two workweeks for Defendants, Plaintiff noticed that he did not receive the direct deposit for the respective hours he worked.

40. Plaintiff first asked Defendants to give his final paychecks to his spouse.

41. Defendants declined to provide the checks to Plaintiff's spouse.

42. Thereafter, Plaintiff inquired with Defendants regarding when he would be receiving his paycheck. Plaintiff received no substantive response from any of Defendants nor their representatives.

43. On or about January 17, 2022, Plaintiff went to Defendants' business premises to obtain payment from Defendants. In response, on information and belief, Defendant Francisco Viera informed Plaintiff that he was not going to pay Plaintiff for his final two workweeks.

44. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

DocuSign Envelope ID: E6453781-3AAD-4830-89B2-81B10A1A425D
Case 2:22-cv-00097-GMS   Document 1   Filed 01/18/22   Page 8 of 14

45. As a result of not having paid any wage whatsoever to Plaintiff during his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

46. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

47. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

48. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

49. Plaintiff was a non-exempt employee.

50. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff his final paycheck would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Plaintiff is a covered employee within the meaning of the FLSA.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

59. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Efrain Perez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one of more of the following acts:

  i.   Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

  ii.   Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

61.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

63. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Efrain Perez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

  i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

67. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

68. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

69. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

70. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Efrain Perez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of January, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

## **VERIFICATION**

Plaintiff, Efrain Perez, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

/s/ Efrain Perez
F61A7893A20E4C6...
Efrain Perez